Geeen, J.
delivered the opinion of the court.
This action is founded upon an endorsement by McMeans of a bill single, drawn by John Ray, and payable to McMeans at the Branch of the Union Bank of Tennessee, at Jackson. The note was protested for non-payment. On the trial, the protest of the notary public was read in evidence, to prove that a demand of payment had been regularly made. The plaintiff, to prove notice, then offered to read the following memorandum, which was endorsed on the back of the certificate of protest, “notices of the within protest put in the post office at Jackson, addressed to John Ray and James R. Mc-Means, Paris, Henry county, Tennessee.
W. W. PERKINS, Notary Public.”
It was insisted for the plaintiff, that he was authorised to read this memorandum by the act of 1820, c. 25, § 4. The court refused to permit it to be read, to which opinion the *279 plaintiff excepted. The memorandum of the notary that notices had been placed in the post office at Jackson is without date, and therefore could not tend to fix the endorser. That he had knowledge of the demand would have created no liability, unless notice had been given in time. As this memorandum fixes no time when notice was given, it is insufficient proof of itself, and it could not have assisted other proof that might have been introduced to establish the time when notice was given, for evidence to prove the time would, necessarily establish the notice, therefore it was useless to read the memorandum to the jury, as it could have had no other effect than to mislead them.
Judgment affirmed.